1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRODERICK BONE,

      Plaintiff,

    v.

KILOLO KIJAKZI, Commissioner of
Social Security,

      Defendant.

Case No.  2:20-cv-00615-JDP (SS)

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND
DENYING THE COMMISSIONER'S CROSS-
MOTION FOR SUMMARY JUDGMENT

ECF Nos. 16 & 21

Plaintiff challenges the final decision of the Commissioner of Social Security

("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title

XVI of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 16

& 21.  The court grants plaintiff's motion, denies the Commissioner's, and remands this matter

for further administrative proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability

benefits will be upheld if it is supported by substantial evidence in the record and if the correct

legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th

Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to

support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

1

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed his second application for SSI under Title XVI on March 7, 2017, alleging disability beginning September 14, 1999. Administrative Record ("AR") 214-22. After his application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 37-71, 126-31, 136-40. On September 13, 2019, the ALJ issued a decision finding plaintiff not disabled. AR 21-31. Specifically, the ALJ found that:

> 1. The claimant has not engaged in substantial gainful activity since March 7, 2017, the application date.
>
> * * *
>
> 2. The claimant has the following severe impairments: Degenerative disc disease lumbar spine, leg and shoulder osteoarthritis, obesity,

psychosis, depression, schizoaffective disorder and [sic] posttraumatic stress disorder, and misshapen left pupil.

* * *

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

* * *

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except no more than occasional peripheral vision; must avoid hazards such as unprotected heights and dangerous moving machinery.  He can perform routine, repetitive work; he can tolerate only occasional changes to the work setting; limited to no interactions with members of the public, and he cannot be expected to work as a member of a team.

* * *

5.  The claimant is unable to perform any past relevant work.

* * *

6.  The claimant was born on May 5, 1972 and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7.  The claimant has a limited education and is able to communicate in English.

8.  Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

* * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 7, 2017, the date this application was filed.

3

1   AR 23-31 (citations to the code of regulations omitted).

2       Plaintiff requested review by the Appeals Council, which denied the request.  AR 1-5.  He

3   now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

4                                    **Analysis**

5       Plaintiff advances three arguments: first, that the ALJ erred in evaluating his work history,

6   ECF No. 16 at 7-8; second, that the ALJ erroneously rejected the opinion of his treating

7   psychiatrist, Dr. Morales, *id.* at 9-12; and third, that the ALJ erroneously discounted his

8   subjective symptom testimony, *id*. at 12-14.  I agree with plaintiff's second argument—that the

9   ALJ committed reversable error by rejecting the opinion of his treating psychiatrist without

10  providing specific and legitimate reasons for doing so.  Because this error requires remand, I

11  decline to address plaintiff's remaining arguments.

12      For disability applications filed before March 27, 2017—such as this one—the regulations

13  require ALJs to "weigh[] medical opinions based on the extent of the doctor's relationship with

14  the claimant."  *Woods v. Kijakazi*, 32 F.4th 785, 789, 792 (9th Cir. 2022).[1]  "As a general rule,

15  more weight should be given to the opinion of a treating [physician] than to the opinion of doctors

16  who do not treat the claimant."  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  "This

17  deference is based not only on the fact that a treating physician is employed to cure but also on

18  the physician's greater opportunity to observe and know the patient as an individual."  *Woods*, 32

19  F.4th at 789 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)) (internal marks

20  omitted).  An ALJ must provide "clear and convincing reasons" to reject an uncontradicted

21  treating physician's opinion; or, if the treating physician's opinion has been contradicted by

22  another medical opinion, the ALJ must provide "specific and legitimate reasons" for rejecting it.

23  *Id.* (citing *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017)).  The ALJ's reasons must be

24  supported by substantial evidence, and the opinion of a non-examining physician cannot by itself

---

25      [1] The SSA has promulgated revised regulations for the evaluation of medical opinion

26  evidence, which apply to applications filed after March 27, 2017.  *See* 20 C.F.R. §§ 404.1520c,
    416.920c.  Under the updated regulations, no "special deference [is accorded] to the opinions of

27  treating and examining physicians on account of their relationship with the claimant."  *Woods*, 32
    F.4th at 792.  Plaintiff filed his application on March 7, 2017, so the earlier treating physician rule

28  applies.

constitute such substantial evidence.  *Id.* at 789; *Lester*, 81 F.3d at 831.  Additionally, greater

weight should be given to the "'opinion of a specialist about medical issues related to his or her

area of specialty.'"  *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R.

§ 404.1527(d)(5)).  "[T]he ALJ need not accept the opinion of any physician, including a treating

physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."

*Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (internal citations and quotation marks

omitted).

Plaintiff provided records from visits with Dr. Ed Morales, a psychiatrist who treated him

for schizoaffective disorder bipolar type, PTSD, and major depressive disorder from June 2017

through at least July 2019.  AR 568-602.  In a record from June 2017, Morales opined that

plaintiff "is not able to work."  AR 599.  In support of this conclusion, he described plaintiff's

functional impairments:

> Anxiety level is such that task completion is impaired.  Depression
> impairs concentration which is needed to complete tasks in a
> reasonable amount of time.  Suicidal ideation causes emotional
> dysregulation.  Hallucinations and delusions are indistinguishable
> from reality at times and they disrupt emotional stability.  The level
> of paranoia and anxiety is such that the client cannot tolerate being
> around people due to the fear of being attacked or followed.
> Flashbacks disrupt concentration and leave client emotionally
> unstable.  Impulsivity . . . impaired focus, decision making and
> concentration.  Capacity to interact with appropriately with others,
> communicate effectively, concentrate, complete tasks, and adapt to
> stressors common to the work environment (including the pressures
> of time, supervision, and decision making), are significantly
> impaired.

AR 599.  Morales repeated both this recommendation and this catalogue of functional

impairments in five additional case notes between June 2017 and June 2018.  *See* AR 583, 585,

587, 590, 596.  He also stressed that plaintiff's symptoms and ability to engage in productive

work had fluctuated over time.  *Id.*  His notes reflect as much: he variously reported plaintiff's

mood as hopeless, fine, just good, and good; his sleep as poor, interrupted, interrupted but better,

and within normal limits; and his anxiety as high with daily panic attacks.  *See* AR 587 ("Mood:

just good . . . Sleep: interrupted but better . . . Anxiety level: high; Panic attacks:

daily . . . Homicidal/Suicidal Ideation: denies"), 597 ("Mood: fine . . .  Sleep:

1  interrupted . . .   Homicidal/Suicidal Ideation: present"), 601 ("Mood: hopeless . . . Sleep:

2  interrupted . . .   Anxiety level: high; Panic attacks: daily . . . Homicidal/Suicidal Ideation:

3  present.").[2]

4       In his RFC analysis, the ALJ determined that Morales' opinion should be given "no

5  weight."  AR 30.  To reject a treating physician's opinion, an ALJ is required to set "out a

6  detailed and thorough summary of the facts and conflicting clinical evidence, stating his

7  interpretation thereof, and making findings."  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

8  1989).  The decision includes a brief paragraph containing three reasons for rejecting Morales'

9  opinion: (1) the "mental status examinations [] are inconsistent with his clinical findings and

10 opinion"; (2) Morales' "opinion contrasts sharply with the other evidence of record"; and

11 (3) "[plaintiff] testified to working and stopped working for reason[s] unrelated to the allegedly

12 disabling impairments."  AR 30.

13      The ALJ failed to support his first reason with substantial evidence.  Several pages earlier,

14 the ALJ provided a collection of overwhelmingly positive statements from plaintiff's "mental

15 status examinations."  AR 27.  He asserted that the mental status evaluations show that plaintiff

16 "is stable and doing well": "his mood is good"; "[h]e sleeps good, 8 hours"; "[h]e denied

17 nightmares, auditory hallucinations, paranoia or delusion."  AR 27.  However, this selective

18 catalogue does not acknowledge the substantial variation in his mental states, shown in reports

19 that plaintiff's mood was "hopeless" and his sleep "interrupted."  AR 601.  It also

20 mischaracterizes plaintiff's consistent reports of auditory and visual hallucinations, paranoid

21 delusions, and recurrent nightmares.  *See* AR 589, 592, 598, 601.  Because the ALJ's "cherry-

22 picked statements . . . do not reflect the diagnostic record as a whole . . .[, they] do not provide

23 specific and legitimate reasons for discounting [Dr. Morales'] opinion."  *Perez v. Saul*, 855 F.

24 App'x 365, 366 (9th Cir. 2021); *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)

25 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such

26 _____

27      [2] In case notes completed by other staff, plaintiff's anxiety and depression symptoms were variously reported on a ten-point scale—typically in the two through five range.  *See* AR 575 ("self-reports depression at 2/10 . . . anxiety at 5/10"), 577 ("depression at 5/10 . . . anxiety at

28 5/10"), AR 580 ("client reported a 3 for both anxiety and depression").

1   circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a

2   period of months or years and to treat them as a basis for concluding a claimant is capable of

3   working."); *Ryan v. Comm'r Soc. Sec.*, 528 F.3d 1194, 1200-01 (9th Cir. 2008) ("Nor are the

4   references in [a doctor's] notes that [the claimant's] anxiety and depression were 'improving'

5   sufficient to undermine the repeated diagnosis of those conditions, or [another physician's] more

6   detailed report.").

7          As for the ALJ's second stated reason for rejecting Morales's opinion, the ALJ failed to

8   identify the evidence that he felt contradicts Morales' opinion.  Far from "setting out a detailed

9   and thorough summary of the facts and conflicting clinical evidence, stating [his] interpretation

10  thereof, and making findings," *Magallanes*, 881 F.2d at 751, the ALJ scattered a handful of

11  record citations throughout the opinion and left the parties and the undersigned to guess at

12  possible contradictions.  Other than the unexplained selection of treatment notes, the only

13  potentially contradictory evidence in the decision is a brief list of plaintiff's personal care and

14  daily activities, including church attendance, use of public transit, preparation of simple meals,

15  and management of money.  AR 29.  The ALJ's lone interpretation of these findings is that the

16  activities "are not limited to the extent one would expect, given the complaints of disabling

17  symptoms and limitations."  AR 29.  Such a conclusory interpretation does not constitute a

18  specific and legitimate reason supported by substantial evidence.

19         The ALJ's third and final reason—that "[plaintiff] testified to working and stopped

20  working for reason[s] unrelated to the allegedly disabling impairments," AR 29—is also an

21  insufficient basis for rejecting Morales's opinion.  Plaintiff testified that, upon paroling from

22  prison, he received temporary work and housing assistance from an organization called the

23  Sacramento Community Based Coalition, which provided him with a six-month job picking up

24  trash and other debris along freeways.  AR 40-42.  While this work history might have given the

25  ALJ reason to doubt Morales' opinion, the ALJ did not identify any such reasons.  Beyond

26  quantifying plaintiff's earnings and noting that he worked for two "quarters," the decision

27  contains no details regarding the nature, frequency, or demands of the work.  AR 23-31.  The

28  decision does not say whether plaintiff worked one day each week or seven, whether he worked

one hour each day or twelve, or what obligations the job demanded of him.  Plaintiff testified that

the program shuttled him to and from the job site, that he largely kept to himself, and that he had

an altercation with a coworker; none of these facts are reflected in the decision.  AR 46.[3]  In the

absence of any particularity or explanation, the mere fact that plaintiff held a job—one that did

not amount to substantial gainful activity—is not a specific and legitimate reason to wholly reject

his treating psychiatrists' opinion.  *See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017)

(holding that "the ALJ did not offer specific and legitimate reasons for rejecting [a treating-

physician's] opinion . . . [where,] though the ALJ repeatedly pointed to [the plaintiff's]

responsibilities caring for her young adoptive children . . . [, the ALJ] provide[d] no details as to

what [the plaintiff's] regular childcare activities involved") (internal citations and marks omitted).

Accordingly, remand is required to allow for a proper evaluation of plaintiff's

impairments.  *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may

reverse the decision of the Commissioner of Social Security, with or without remanding the case

for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for

additional investigation or explanation.") (internal quotes and citations omitted).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 16, is granted.

2. The Commissioner's cross-motion for summary judgment, ECF No. 21, is denied.

3. The matter is remanded for further proceedings.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

---

[3] Certain statements in the decision relating to plaintiff's work history appear to be in tension with each other.  For instance, the ALJ found that plaintiff had "not engaged in substantial gainful activity" since the application date, yet also that plaintiff's work "was at the substantial gainful activity level."  AR 23.  The ALJ also stated that plaintiff's "impairments did not prevent [him] from working," AR 28, but also, two pages later, that plaintiff's "mental impairment prevent[s] him from performing past relevant work" as a "street cleaner," AR 30.

IT IS SO ORDERED.

Dated:   May 8, 2023

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE