UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODRICK BONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:20-cv-00615-JDP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |

　　　　Plaintiff moves for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 27. Plaintiff seeks attorney's fees in the amount of $6,133.41 for the following: 19.25 hours of attorney work in 2020 at the statutory-maximum hourly rate of $207.78; 9.25 hours of attorney work in 2021 at the statutory-maximum hourly rate of $217.54; and .5 hours of attorney work in 2023 at the statutory-maximum hourly rate of $242.78.[1] *Id*.

　　　　The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or

---

[1] In the motion, plaintiff requests attorney's fees in the amount of $6,081.45 for 28.75 hours of attorney work performed during 2020, 2021, and 2023. Counsel's declaration, however, reflects a total of 29 hours of attorney work. Accordingly, the court adjusted the fee request to correspond to 29 hours of attorney work.

that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998).  "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government.  *Hensley*, 461 U.S. at 434.

Plaintiff was the prevailing party in this action.  *See* ECF Nos. 25, 26.  Furthermore, the government does not oppose plaintiff's motion.[2]  The court has independently reviewed the record and finds that both the hourly rate and hours expended are reasonable in light of the results obtained.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees, ECF No. 27, is granted.

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $6,133.41.

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), and absent an assignment of EAJA fees, any payment shall be made payable to plaintiff, subject to offset if plaintiff has any federal debts.

IT IS SO ORDERED.

Dated:   November 7, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[2] The government filed a response to plaintiff's motion asserting that because counsel does not have an assignment from plaintiff for EAJA fees (*see* ECF No. 27 at 1 n.2), the fees must be made payable to plaintiff subject to any offset if plaintiff owes a federal debt.  The government, however, does not oppose plaintiff's fees request.  ECF No. 29.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28